UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 7

MICHAEL MAURER                                                   Case No. 10-74714-ast
and KERRY MAURER,

                                               Debtors.

-------------------------------------------------------------X

## DECISION AND ORDER ON MOTION TO REOPEN CASE

On January 5, 2011, Michael Maurer and Kerry Maurer, ("Debtors") by their attorneys, Macco & Stern, LLP, moved this Court pursuant to a Notice of Presentment seeking an Order as follows: (1) reopening their Chapter 7 case pursuant to 11 U.S.C. § 350(b); (2) reappointing Kenneth P. Silverman, Esq. as Chapter 7 Trustee; and (3) pursuant to 11 U.S.C. § 522(f), avoiding judicial liens filed against the Debtors' real property (the "Motion"). [dkt item 28]. The property at issue is located at 77 Truxton Road, Dix Hills, New York 11746 (the "Property"), and the judgment liens are held by Bank of Smithtown, Citibank South Dakota N.A., and Kiddie Academy Domestic Franchising LLC. On February 2, 2011, opposition to the Motion was filed by People's United Bank, as successor by merger to Bank of Smithtown ("People's United"). [dkt item 29]  On April 12, 2011, the Court held a hearing on the Motion (the "Hearing"), at which counsel for Debtors and counsel for People's United appeared. Following argument, this Court took the Motion on submission.

There are three issues before the Court for decision: first, whether Debtors have demonstrated cause to reopen their case; second, whether Debtors have demonstrated that they may have an entitlement to relief under 11 U.S.C. § 522(f); and third, whether a trustee should be appointed. The Court finds that cause exists to reopen this case, and that an evidentiary hearing

is necessary to determine whether the judicial liens described in the Motion impair the Debtors' homestead exemption and whether Debtors are entitled to relief under Section 522(f). Because it is not presently contemplated that any issues before the Court would involve assets to be administered by a trustee for the benefit of creditors, there is no need to direct that a trustee be reappointed.[1]

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). This Section immediately follows Section 350(a), which provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee[.]" 11 U.S.C. § 350(a).

Courts in this and other districts have held that Section 350(b) of the Bankruptcy Code should not be read independently of Section 350(a). Stated otherwise, Section 350(b) permits reopening only of those cases that were properly closed under Section 350(a). *See In re Olejnik* No. 09-76714, 2011 WL 4366183 (Bankr. E.D.N.Y. Oct. 28, 2011); *see also In re Wassah*, 417 B.R. 175, 182 (Bankr. E.D.N.Y. 2009). Further, a bankruptcy judge has broad decision to grant or deny a motion to reopen a case pursuant to Section 350(b). *See Smith et al. v. Silverman et al. (In re Smith),* – F.3d. –, No. 10-1655-bk (2d Cir. May 20, 2011); *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008).

This case was fully administered. The chapter 7 trustee docketed a report of no distribution on December 13, 2010. Debtors received their discharge on December 13, 2010. [dkt item 23] A final decree was entered, the chapter 7 trustee was discharged, and this case was

---

[1] *See* FED. R. BANKR. P. 5010 (providing that the United States trustee shall not appoint a trustee upon the reopening of a case under § 350 unless the court determines such appointment is necessary); *see also* 11 U.S.C. § 701 (directing that the United States trustee appoint a trustee in a chapter 7 case).

closed on December 13, 2010. [dkt item 24]  Thus, Section 350(b) is applicable.

Further, there is no issue of the Motion being untimely.  It was filed less than a month after this case was closed.

Debtors have demonstrated that they may be entitled to relief under Section 522(f). Debtors assert that they did not seek to avoid the liens at issue during the pendency of this bankruptcy case because they did not have knowledge of the existence of judgment liens against their house.  People's United contests this assertion.  Whether this allegation by Debtors is accurate is not dispositive in deciding whether to reopen this case.  Neither of the other judgment lien creditors made the subject of the Motion has opposed the Motion.  At a minimum, Debtors may be entitled to relief as against them, which relief can only be accorded if this case is first reopened.

People's United also challenges the value Debtors ascribe to the Property.  That issue will also not be decided at this juncture.  Debtors will bear the burden of proof on that and all other issues under Section 522(f) at the time of hearing on that portion of the Motion seeking Section 522(f) relief.

Based on the foregoing, it is hereby

ORDERED, that this Chapter 7 case is reopened effective upon Debtors' payment of the filing fee for reopening, which fee must be paid within fourteen (14) days of entry of this Order; and it is further

ORDERED, that, at this stage, cause does not exist to direct that a Chapter 7 trustee be appointed to protect the interests of creditors; and it is further

ORDERED, that a hearing shall be conducted on the balance of the Motion on **July 19, 2011, at 2 p.m.** in Courtroom 960, United States Bankruptcy Court, Eastern District of New

York, 290 Federal Plaza, Central Islip, New York, at which hearing Debtors shall have forty-five (45) minutes to present all evidence and argument in support of the Motion, and People's United shall have forty-five (45) minutes to present all evidence and argument in opposition to the Motion.



**Dated: June 7, 2011**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**